UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE O. TORRES,<br><br>      Plaintiff,<br><br>-against-<br><br>SHER TREMONTE, ET AL.,<br><br>      Defendants. | 24-CV-2087 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently detained at the Essex County Jail in Newark, New Jersey, brings this *pro se* action under the Racketeer Influenced and Corrupt Organization ("RICO") Act. He asserts claims arising out of a criminal matter before the United States District Court for the District of New Jersey. *See United States v. Torres*, No. 2:20-CR-0418 (BRM) (D. N.J. filed May 20, 2020). Plaintiff sues (1) Sher Tremonte LLP; (2) Justin Sher, Esq.; (3) Michael Tremonte, Esq.; (4) Noam Korati Biale, Esq.; (5) Kimo Peluso, Esq.; and (6) Anna Maria Estevao. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

  The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the

forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Under Section 1404(a), transfer is appropriate in this case because Plaintiff, who is a resident of Newark, New Jersey, brings claims arising from his criminal case before the District of New Jersey. He has also filed in that court a substantially similar civil action stemming from the same set of facts and against many of the same defendants named in this action. *See Torres v. Sher Tremonte LLP*, No. 22-CV-4662 (MCA) (CLW) (D. N.J. Feb. 17, 2023). Therefore, the District of New Jersey is the favored forum to litigate this action. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (under the "first-filed rule," when two district courts concurrently have before them actions involving the same parties and issues, there is a strong presumption in favor of the forum of the first-filed suit).

Accordingly, the Court transfers this action under Section 1404(a) to the United States District Court for the District of New Jersey. See *D.H. Blair & Co.*, 462 F.3d at 106.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 1, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge